UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,

   -against-

                                      16 CR 495 (JS)

JERMAINE RODGERS,
                Defendant.

-------------------------------------------------------------X

## SUBMITTED UNDER SEAL

## DEFENDANT'S SENTENCING MEMORANDUM

                                      JOHN S. WALLENSTEIN, ESQ.
                                          Attorney for Defendant
                                            1100 Franklin Avenue
                                      Garden City, New York 11530
                                                 (516) 742-5600
                                            Fax: (516) 742-5040
                        Email:JSWallensteinEsq@outlook.com

On behalf of Jermaine Rodgers, this sentencing memorandum is respectfully submitted to address the key question before the Court: what sentence will be sufficient, but not greater than necessary, to meet the goals of the Sentencing Reform Act? For the reasons demonstrated herein, we respectfully submit that a period of incarceration of 36 months will be appropriate.

This memorandum is submitted under seal, because as the Court knows, he has cooperated with the Government. The docket itself is carried under the name John Doe.

## SENTENCING GUIDELINES AND 3553(a) FACTORS

The Guidelines provide "the starting point and the initial benchmark" for the district court, but they do not usurp the district court judge's "superior position to find facts and judge their import under § 3553(a)." *Gall*, 552 U.S. at 49, 51. Under § 3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary" to fulfill the purposes of sentencing. 18 U.S.C. § 3553(a).

In order to properly determine what that "sufficient" sentence is, the courts are instructed to consider the factors prescribed by Congress in §3553(a). Those factors include:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford general and specific deterrence; to provide needed training or treatment;
3) the kinds of sentences available;
4) the sentencing guidelines;
5) the need to avoid unwarranted sentencing disparities; and
6) the need for restitution.

The PSR has correctly calculated the guidelines to be Offense Level 19 in

Criminal History Category VI. Unfortunately, Mr. Rodgers has a long history of criminal conduct, resulting in 21 criminal history points, which is the driver of the guidelines in this case.  The correctly determined sentence range is 63-78 months, but that range does not take into consideration the defendant's cooperation and his provision to the Government of information useful to them in their further investigations. The Probation Department has made its recommendation of 54 months in part as a way of giving credit for the cooperation, but we respectfully submit that the sentence should be no more than 36 months.

## SENTENCING FACTORS

The offense is serious, of course. Rodgers has committed a robbery, and must pay the price for that conduct. During the pendency of this case, he has been incarcerated for a total of 28 months, from November 2016 until January 2019, and again from August of 2019 until this time. The nature of the offense calls for a sentence of incarceration, but certainly the Court must consider that Rodgers has already served a significant sentence, more than he ever did previously in all his encounters with the state criminal justice system.

Rodgers' background should be a significant factor in the Court's determination of the appropriate sentence. He has little family support to speak of; his father died when he was quite young, and his mother was unable to provide the guidance he needed as a child, a fact which is evident from the background noted in the PSR. In and out of trouble, a poor student, his mother finally gave up on him and sent him to New York from Alabama.   The complete lack of parental

3

guidance is no doubt a driving force in the constant brushes with the law that have plagued Rodgers for most of his "adult" life. He has no employment history to speak of, and for the past year, while free on bond, he spent his time helping a sister with babysitting chores, in exchange for a place to sleep. This resulted in his being taken advantage of by his sisters and prevented him from finding real employment.

Rodgers has a serious problem with marijuana, using it virtually daily while at liberty. He finally seems to realize the seriousness of his problem, and has expressed a desire to attend treatment. The Court should impose a requirement that Rodgers attend a drug program, either inpatient or outpatient, as a condition of release, as his rehabilitation and reentry into society as a productive member depends on him leaving the drug life behind.

His sporadic work history, mostly in unskilled labor, belies a need for guidance and training. Prison will not provide that for him; rather, an intensive supervision program administered by probation will enable Jermaine to acquire appropriate job skills, and the social skills he seems to lack as well. Such a program would make him into a productive person and hopefully leave his criminal activity behind.

Rodgers will be sufficiently deterred by the federal felony conviction and the significant amount of time he has already spent in custody. During the time he was at liberty, about 8 months in 2019, he did not re-offend, and although he was not entirely compliant with technical requirements, he avoided crime and association with poor influences. This bodes well for his rehabilitation and for a positive prognosis.

4

It is also important to note that he made every effort to cooperate, and did take responsibility for his actions very early on in the process. While he was not required to testify, that was not due to his lack of desire or effort, but rather because he simply could not make the connections the Government was seeking. He should not be penalized for that shortfall. The Government, in their sentencing letter, acknowledges Rodgers' contributions, and recommends a below Guidelines sentence. We concur.

## **CONCLUSION**

Taking into consideration all of the factors of 18 U.S.C.§ 3553(a), and applying those factors to the defendant's unique circumstances, it is respectfully submitted that a sentence of 36 months, followed by intensive supervision, will be sufficient, but not greater than necessary, to serve the ends of justice and the goals of sentencing.

DATED: GARDEN CITY, NEW YORK
October 17, 2019

Respectfully submitted,

JOHN S. WALLENSTEIN